1  NICOLA T. HANNA
   United States Attorney
2  BRANDON D. FOX
   Assistant United States Attorney
3  Chief, Criminal Division
   GREGG E. MARMARO (Cal. Bar No. Pending)
4  Assistant United States Attorney
   General Crimes Section
5      1200 United States Courthouse
       312 North Spring Street
6      Los Angeles, California 90012
       Telephone: (213) 894-8500
7      Facsimile: (213) 894-6269
       E-mail:   gregg.marmaro@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                  UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,            No. CR 19-472-JAK

13             Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                        IAN BRADLEY GALLAHER
14             v.

15  IAN BRADLEY GALLAHER,

16             Defendant.

17

18      1.   This constitutes the plea agreement between Ian Bradley

19  Gallaher ("defendant") and the United States Attorney's Office for

20  the Central District of California (the "USAO") in the above-

21  captioned case.  This agreement is limited to the USAO and cannot

22  bind any other federal, state, local, or foreign prosecuting,

23  enforcement, administrative, or regulatory authorities.

24                      DEFENDANT'S OBLIGATIONS

25      2.   Defendant agrees to:

26           a.   At the earliest opportunity requested by the USAO and

27  provided by the Court, appear and plead guilty to Count One of the

28  Indictment in <u>United States v. Ian Bradley Gallaher</u>, No. CR 19-472-

EAJ

1  JAK, which charges defendant with assault on a person assisting
2  federal officers and employees resulting in bodily injury, in
3  violation of 18 U.S.C. §§ 111(a)(1), (b).

4          b.   Not contest facts agreed to in this agreement.

5          c.   Abide by all agreements regarding sentencing contained
6  in this agreement.

7          d.   Appear for all court appearances, surrender as ordered
8  for service of sentence, obey all conditions of any bond, and obey
9  any other ongoing court order in this matter.

10          e.   Agree that all court appearances, including his change
11  of plea hearing and sentencing hearing, may proceed by video-
12  teleconference ("VTC") or telephone, if VTC is not reasonably
13  available, so long as such appearances are authorized by General
14  Orders 20-043, 20-09, and 20-12, or another order, rule, or statute.
15  Defendant understands that, under the Constitution, the United States
16  Code, the Federal Rules of Criminal Procedure (including Rules 11,
17  32, and 43), he may have the right to be physically present at these
18  hearings.  Defendant understands that right and, after consulting
19  with counsel, voluntarily agrees to waive it and to proceed remotely.
20  Defense counsel also joins in this consent, agreement, and waiver.
21  Specifically, this agreement includes, but is not limited to, the
22  following:

23          i.   Defendant consents under Section 15002(b) of the
24  CARES Act to proceed with his change of plea hearing by VTC or
25  telephone, if VTC is not reasonably available.

26          ii.   Defendant consents under Section 15002(b) of the
27  CARES Act to proceed with his sentencing hearing by VTC or telephone,
28  if VTC is not reasonably available.

1          iii.  Defendant consents under Section 15002(b) of the

2   CARES Act to proceed with any hearing regarding alleged violations of

3   the conditions of pretrial release by VTC or telephone, if VTC is not

4   reasonably available.

5          f.    Not commit any crime or any act constituting

6   obstruction of justice; however, offenses that would be excluded for

7   sentencing purposes under United States Sentencing Guidelines

8   ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the

9   scope of this agreement.

10         g.    Be truthful at all times with the United States

11  Probation and Pretrial Services Office and the Court.

12         h.    Pay the applicable special assessment at or before the

13  time of sentencing unless defendant has demonstrated a lack of

14  ability to pay such assessments.

15                        THE USAO'S OBLIGATIONS

16  3.    The USAO agrees to:

17         a.    Not contest facts agreed to in this agreement.

18         b.    Abide by all agreements regarding sentencing contained

19  in this agreement.

20         c.    At the time of sentencing, move to dismiss the

21  remaining count of the indictment as against defendant.  Defendant

22  agrees, however, that at the time of sentencing the Court may

23  consider any dismissed charges in determining the applicable

24  Sentencing Guidelines range, the propriety and extent of any

25  departure from that range, and the sentence to be imposed.

26         d.    At the time of sentencing, provided that defendant

27  demonstrates an acceptance of responsibility for the offense up to

28  and including the time of sentencing, recommend a two-level reduction

                                    3

1  in the applicable Sentencing Guidelines offense level, pursuant to
2  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
3  additional one-level reduction if available under that section.

4          e.    At the time of sentencing, provided that (i) defendant
5  complies with Paragraph 2 and the other provisions of this agreement
6  up through the time of sentencing, (ii) the Court adopts the
7  Sentencing Factors set forth in Paragraph 11, and (iii) the Court
8  does not depart downward in criminal history category, recommend a
9  four-level downward variance in offense level based on the factors
10 set forth in 18 U.S.C. § 3553(a).

11         f.    Recommend that defendant be sentenced to a term of
12 imprisonment no higher than the low end of the applicable Sentencing
13 Guidelines range, provided that the offense level used by the Court
14 to determine that range is 9 or higher.  For purposes of this
15 agreement, the low end of the Sentencing Guidelines range is that
16 defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A,
17 without regard to reductions in the term of imprisonment that may be
18 permissible through the substitution of community confinement or home
19 detention as a result of the offense level falling within Zone A or
20 Zone B of the Sentencing Table.

21         g.    Should the Court sentence defendant to a term of
22 imprisonment, recommend that defendant not be required to self-
23 surrender to serve his sentence until on or after February 1, 2021,
24 unless defendant violates the conditions of his bond.

25                          NATURE OF THE OFFENSE
26     4.    Defendant understands that for defendant to be guilty of
27 the crime charged in Count One of the indictment, that is, assault on
28 a person assisting federal officers and employees resulting in bodily

4

injury, in violation of Title 18, United States Code, Sections
111(a)(1), (b), the following must be true: (1) defendant forcibly
assaulted J.N.; (2) defendant did so while J.N. was engaged in, or on
account of the performance of, J.N.'s official duties; and (3)
defendant inflicted bodily injury.  There is a forcible assault when
one person intentionally strikes another, or willfully attempts to
inflict injury on another, or intentionally threatens another coupled
with an apparent ability to inflict injury on another which causes a
reasonable apprehension of immediate bodily harm.

<div align="center">PENALTIES</div>

5.    Defendant understands that the statutory maximum sentence
that the Court can impose for a violation of Title 18, United States
Code, Sections 111(a)(1), (b), is: 20 years' imprisonment; a 3-year
period of supervised release; a fine of $250,000 or twice the gross
gain or gross loss resulting from the offense, whichever is greatest;
and a special assessment of $100.

6.    Defendant understands that supervised release is a period
of time following imprisonment during which defendant will be subject
to various restrictions and requirements.  Defendant understands that
if defendant violates one or more of the conditions of any supervised
release imposed, defendant may be returned to prison for all or part
of the term of supervised release authorized by statute for the
offense that resulted in the term of supervised release, which could
result in defendant serving a total term of imprisonment greater than
the statutory maximum stated above.

7.    Defendant understands that, by pleading guilty, defendant
may be giving up valuable government benefits and valuable civic
rights, such as the right to vote, the right to possess a firearm,

<div align="center">5</div>

1 the right to hold office, and the right to serve on a jury. Defendant
2 understands that he is pleading guilty to a felony and that it is a
3 federal crime for a convicted felon to possess a firearm or
4 ammunition. Defendant understands that the conviction in this case
5 may also subject defendant to various other collateral consequences,
6 including but not limited to revocation of probation, parole, or
7 supervised release in another case and suspension or revocation of a
8 professional license. Defendant understands that unanticipated
9 collateral consequences will not serve as grounds to withdraw
10 defendant's guilty plea.

11     8.   Defendant understands that, if defendant is not a United
12 States citizen, the felony conviction in this case may subject
13 defendant to: removal, also known as deportation, which may, under
14 some circumstances, be mandatory; denial of citizenship; and denial
15 of admission to the United States in the future. The Court cannot,
16 and defendant's attorney also may not be able to, advise defendant
17 fully regarding the immigration consequences of the felony conviction
18 in this case. Defendant understands that unexpected immigration
19 consequences will not serve as grounds to withdraw defendant's guilty
20 plea.

21 <div align="center">FACTUAL BASIS</div>

22     9.   Defendant admits that defendant is, in fact, guilty of the
23 offense to which defendant is agreeing to plead guilty. Defendant
24 and the USAO agree to the statement of facts provided below and agree
25 that this statement of facts is sufficient to support a plea of
26 guilty to the charge described in this agreement and to establish the
27 Sentencing Guidelines factors set forth in paragraph 11 below but is
28 not meant to be a complete recitation of all facts relevant to the

<div align="center">6</div>

underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about April 2, 2019, in Los Angeles County, within the Central District of California, defendant intentionally and forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with victim J.N., a Protective Security Officer ("PSO") employed by Paragon Systems, assisting officers and employees of the United States Social Security Administration (the "SSA") in the Torrance, California Field Office, and in doing so, made contact with J.N., while J.N. was engaged in, and on account of, the performance of J.N.'s official duties, resulting in the infliction of bodily injury. Specifically, as he was being escorted off of SSA property for disruptive behavior, defendant directed racial slurs at victim J.N. and other PSOs.  Thereafter, as two PSOs attempted to detain defendant in handcuffs, defendant grabbed and squeezed victim J.N.'s genitals, causing significant physical pain.  Before, during, and after his detention, defendant directed racial slurs at the PSOs. Defendant also twice threatened to "put a round" in victim J.N.'s head.

## SENTENCING FACTORS

10.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the

1  Sentencing Guidelines and the other § 3553(a) factors, the Court will
2  be free to exercise its discretion to impose any sentence it finds
3  appropriate up to the maximum set by statute for the crime of
4  conviction.

5      11.  Defendant and the USAO agree to the following applicable
6  Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 10 | U.S.S.G. § 2A2.4(a) |
| Physical Contact | +3 | U.S.S.G. § 2A2.4(b)(1) |
| Victim Bodily Injury | +2 | U.S.S.G. § 2A2.4(b)(2) |

11  Defendant and the USAO reserve the right to argue that additional
12  specific offense characteristics, adjustments, and departures under
13  the Sentencing Guidelines are appropriate.

14      12.  Defendant understands that there is no agreement as to
15  defendant's criminal history or criminal history category.

16      13.  Defendant and the USAO reserve the right to argue for a
17  sentence outside the sentencing range established by the Sentencing
18  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
19  (a)(2), (a)(3), (a)(6), and (a)(7).

20  <center>WAIVER OF CONSTITUTIONAL RIGHTS</center>

21      14.  Defendant understands that by pleading guilty, defendant
22  gives up the following rights:

23          a.  The right to persist in a plea of not guilty.

24          b.  The right to a speedy and public trial by jury.

25          c.  The right to be represented by counsel -- and if
26  necessary have the Court appoint counsel -- at trial.  Defendant
27  understands, however, that, defendant retains the right to be

28

<center>8</center>

represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

15.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

9

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16.   Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, including, to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

17.   Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

10

1     18.   The USAO agrees that, provided all portions of the sentence
2   are at or below the statutory maximum specified above, the USAO gives
3   up its right to appeal any portion of the sentence.

4                   RESULT OF VACATUR, REVERSAL OR SET-ASIDE

5     19.   Defendant agrees that if the count of conviction is
6   vacated, reversed, or set aside, both the USAO and defendant will be
7   released from all their obligations under this agreement.

8                   RESULT OF WITHDRAWAL OF GUILTY PLEA

9     20.   Defendant agrees that if, after entering a guilty plea
10  pursuant to this agreement, defendant seeks to withdraw and succeeds
11  in withdrawing defendant's guilty plea on any basis other than a
12  claim and finding that entry into this plea agreement was
13  involuntary, then (a) the USAO will be relieved of all of its
14  obligations under this agreement; and (b) should the USAO choose to
15  pursue any charge that was either dismissed or not filed as a result
16  of this agreement, then (i) any applicable statute of limitations
17  will be tolled between the date of defendant's signing of this
18  agreement and the filing commencing any such action; and
19  (ii) defendant waives and gives up all defenses based on the statute
20  of limitations, any claim of pre-indictment delay, or any speedy
21  trial claim with respect to any such action, except to the extent
22  that such defenses existed as of the date of defendant's signing this
23  agreement.

24                     EFFECTIVE DATE OF AGREEMENT

25    21.   This agreement is effective upon signature and execution of
26  all required certifications by defendant, defendant's counsel, and an
27  Assistant United States Attorney.

28

                                    11

BREACH OF AGREEMENT

22.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by
defendant, under oath, at the guilty plea hearing (if such a hearing
occurred prior to the breach); (ii) the agreed to factual basis
statement in this agreement; and (iii) any evidence derived from such
statements, shall be admissible against defendant in any such action
against defendant, and defendant waives and gives up any claim under
the United States Constitution, any statute, Rule 410 of the Federal
Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
Procedure, or any other federal rule, that the statements or any
evidence derived from the statements should be suppressed or are
inadmissible.

<div align="center">COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES</div>

24.    Defendant understands that the Court and the United States
Probation and Pretrial Services Office are not parties to this
agreement and need not accept any of the USAO's sentencing
recommendations or the parties' agreements to facts or sentencing
factors.

25.    Defendant understands that both defendant and the USAO are
free to: (a) supplement the facts by supplying relevant information
to the United States Probation and Pretrial Services Office and the
Court, (b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations and determination of
sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 11 are
consistent with the facts of this case.  While this paragraph permits

1 both the USAO and defendant to submit full and complete factual
2 information to the United States Probation and Pretrial Services
3 Office and the Court, even if that factual information may be viewed
4 as inconsistent with the facts agreed to in this agreement, this
5 paragraph does not affect defendant's and the USAO's obligations not
6 to contest the facts agreed to in this agreement.

7     26. Defendant understands that even if the Court ignores any
8 sentencing recommendation, finds facts or reaches conclusions
9 different from those agreed to, and/or imposes any sentence up to the
10 maximum established by statute, defendant cannot, for that reason,
11 withdraw defendant's guilty plea, and defendant will remain bound to
12 fulfill all defendant's obligations under this agreement. Defendant
13 understands that no one -- not the prosecutor, defendant's attorney,
14 or the Court -- can make a binding prediction or promise regarding
15 the sentence defendant will receive, except that it will be within
16 the statutory maximum.

17                 NO ADDITIONAL AGREEMENTS

18     27. Defendant understands that, except as set forth herein,
19 there are no promises, understandings, or agreements between the USAO
20 and defendant or defendant's attorney, and that no additional
21 promise, understanding, or agreement may be entered into unless in a
22 writing signed by all parties or on the record in court.
23 //
24
25
26
27
28

1       PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2           28.    The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    NICOLA T. HANNA
     United States Attorney

9

10   _____          _____
     GREGG E. MARMARO                          Date
11   Assistant United States Attorney

12                                                           2021 ⁄ibg
13   _____          6 Jan 2020
14   IAN BRADLEY GALLAHER                      Date
     Defendant

15

16

17   _Adam Olin_____        1/11/2021
     ADAM OLIN                                 Date
18   Deputy Federal Public Defender
     Attorney for Defendant IAN BRADLEY
19   GALLAHER

20

21

22

23

24

25

26

27

28

                                15

<div align="center"><u>CERTIFICATION OF DEFENDANT</u></div>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        6 Jan 2020̶ 2021 ⸍ibg
IAN BRADLEY GALLAHER                     Date
Defendant

16

1

### CERTIFICATION OF DEFENDANT'S ATTORNEY

2   I am Ian Bradley Gallaher's attorney.  I have carefully and
3   thoroughly discussed every part of this agreement with my client.
4   Further, I have fully advised my client of his rights, of possible
5   pretrial motions that might be filed, of possible defenses that might
6   be asserted either prior to or at trial, of the sentencing factors
7   set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
8   provisions, and of the consequences of entering into this agreement.
9   To my knowledge: no promises, inducements, or representations of any
10   kind have been made to my client other than those contained in this
11   agreement; no one has threatened or forced my client in any way to
12   enter into this agreement; my client's decision to enter into this
13   agreement is an informed and voluntary one; and the factual basis set
14   forth in this agreement is sufficient to support my client's entry of
15   a guilty plea pursuant to this agreement.

16

17   *Adam Olin*                                    1/11/2021

18   ADAM OLIN                                        Date
     Deputy Federal Public Defender
19   Attorney for Defendant IAN BRADLEY
     GALLAHER

20

21

22

23

24

25

26

27

28

17